**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **RICHARD A. SPEIRS,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **SA-10-CV-0222 FB (NN)** |
| **CITY OF UNIVERSAL CITY, TEXAS;** | § | |
| **AUGUST FISHER;** | § | |
| **ADRIAN VIERA;** | § | |
| **METHODIST HEALTHCARE SYSTEMS** | § | |
| **OF SAN ANTONIO, LTD., L.L.P. d//b/a** | § | |
| **Northeast Methodist Hospital; and** | § | |
| **TINA BUERCK,** | § | |
| | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION**

**TO: Honorable Fred Biery**
**Chief United States District Judge**

This report and recommendation addresses pending motions to dismiss.[1] I have jurisdiction to issue this report and recommendation under 28 U.S.C. 636(b) and the district court's order referring all pretrial matters to me for disposition by order or recommendation, where statute constrains my authority.[2] The district court has jurisdiction over this case because it involves questions of federal law.

**Nature of the Case**. Plaintiff Richard A. Speirs filed this case alleging violations of his constitutional rights. As defendants, Speirs named City of Universal City (Universal City), Universal City police officer August Fisher, Universal City police officer Adrian Viera,

---

[1]Docket entry #s 9 & 10.

[2]Docket entry # 11.

Methodist Healthcare Systems d/b/a Northeast Methodist Hospital (the Hospital), and Hospital nurse Tina Buerck. On March 20, 2008, Fisher and Viera conducted a traffic stop and arrested Speirs for driving while intoxicated. The officers took Speirs into custody, handcuffed him and transported him to the Universal City Police Station. Because Speirs complained about chest pains, the officers called EMS. EMS treated Speirs and then transported him to the Hospital. Meanwhile, Viera obtained a warrant for a blood draw.

Buerck performed the blood draw. According to his allegations, Speirs alleged he lost emotional control and swore at Buerck, causing Viera and Fisher to restrain him in order to complete the blood draw. Speirs alleged that Buerck stated she hated drunks and unnecessarily attempted to draw blood several times from the same arm in which EMS administered intravenous treatment. Speirs stated that Buerck's actions caused him to become fearful because he suffers from post-traumatic stress disorder. After the blood draw, Speirs was released from the hospital, transported to the City Magistrate Office, and released on bail.

Two years later, Speirs, acting pro se, brought this action under section 1983,[3] alleging that defendants violated his First Amendment right to freedom of expression, his Fourth Amendment right to freedom from unlawful seizure of his person, his Fifth and Fourteenth Amendment right to due process, and his Eighth Amendment right to freedom from cruel and unusual punishment.[4] Speirs also brought several state law claims.[5] Speirs alleged ongoing injuries resulting from his treatment at the hospital, including 1) reduced sensation in, and

---

[3]42 U.S.C. § 1983.

[4]Docket entry # 1, p. 5.

[5]Docket entry # 1, p. 6.

immobility of, his left forearm and hand and 2) a diagnosed skin condition.

On April 13, 2010, Buerck and the Hospital moved to dismiss for failure to state a claim under Rule 12(b)(6), or alternatively, for a more definite statement.[6] On April 22, 2010, Fisher and Viera moved for dismissal on qualified immunity grounds.[7] Although I advised Speirs about the need to respond to the motions,[8] Speirs did not respond.[9] Most of the arguments in the motions to dismiss miss the mark about why Speirs's claims should be dismissed. Nevertheless, the question of whether the complaint states claims upon which relief may be granted is properly before the court.

**Standard for Motion to Dismiss**. A defendant in a civil action may move to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief may be granted."[10]

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in

[6]Docket entry # 9.

[7]Docket entry # 10.

[8]Docket entry # 14.

[9]The record contains a document Speirs purportedly faxed to the Hospital's attorney. *See* docket entry # 17, exh. 1. The Hospital submitted the document to the court and responded to the document as if it is Speirs's response to the Hospital's motion to dismiss. Docket entry # 17. To the extent Speirs intended the document to respond to the Hospital's motion, the document is not before the court because Speirs did not file the document with the clerk of the court. Speirs is awaiting trial for felony driving while intoxicated, in Cause No. DC 2008-CR-4460, 144th Judicial District, Bexar County. Trial is scheduled for July 19, 2010.

[10]Fed. R. Civ. P. 12(b)(6).

fact)."[11]

**Speirs's claim for violation of the First Amendment.** Speirs alleged that the defendants deprived him of "his First Amendment right to freedom of expression." The First Amendment protects a person's freedom of expression.[12] The complaint, however, contains no allegations indicating a defendant prevented Speirs from expressing himself. Without allegations implicating the abridgment of free expression, the complaint fails to state a claim upon which relief may be granted. The claim should be dismissed as to all defendants.

**Section 1983 claim for violating the Fourth Amendment.** Speirs alleged that the defendants violated his Fourth Amendment right to freedom from unlawful seizure of his person and excessive use of force.[13] To the extent that Speirs based his Fourth Amendment claim on an unlawful seizure, that claim is barred by *Heck v. Humphrey*.[14] Under *Heck*, when a plaintiff like Speirs brings a section 1983 claim against the arresting officers, the district judge must ask whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.[15] If it would, the claim is barred unless the plaintiff proves that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

---

[11]*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

[12]U.S. Const. amend. I ("Congress shall make no law. . . abridging the freedom of speech. . . .").

[13]Docket entry # 1, p. 5.

[14]*Heck v. Humphrey*, 512 U.S. 477 (1994).

[15]*Heck*, 512 U.S. at 486-87.

federal court's issuance of a writ of habeas corpus."[16] Here, a judgment in favor of Speirs on the basis of an unlawful seizure would necessarily imply the invalidity of his conviction for DWI. Speirs's claim based on unlawful seizure is barred because Speirs cannot show that his conviction or sentence has been invalidated. He cannot show his conviction or sentence has been invalidated because he is awaiting trial for felony driving while intoxicated.

To the extent Speirs based his Fourth Amendment claim on an excessive use of force, the claim is not barred by *Heck* because a judgment in favor on Speirs on the basis of excessive force would not necessarily imply the invalidity of a conviction for DWI. The claim though fails to state a claim because the complaint does not allege an unreasonable use of force. To prove an excessive-use-of-force claim under the Fourth Amendment, the plaintiff must establish: "'(1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'"[17] "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake."[18]

> The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . With respect to a claim of excessive force, the same standard of reasonableness at the moment applies: "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth

---

[16] *Heck*, 512 U.S. at 487.

[17] *Collier v. Montgomery*, 569 F.3d 214, 218 (5th Cir.2009) (internal citation omitted).

[18] *Graham v. Connor*, 490 U.S. 386, 396 (1989) (citation omitted).

Amendment.[19]

Speirs, however, did not allege objectively unreasonable conduct. Speirs alleged that Fischer and Viera used excessive force by (1) pulling his hands behind his back, (2) handcuffing him too tightly, (3) placing him on the hood of the vehicle, (4) placing him in the back of the squad car, and (5) restraining him during the blood draw. These allegations do not rise to the level of unreasonableness. Speirs stated that the officers pulled his hands behind his back after he failed to follow instructions to put his hands behind his back by placing his hands behind his head. Having failed to comply with the instruction to place his hands behind his back, pulling Speirs's hands down and behind his back was not objectively unreasonable. "[H]andcuffing too tightly, without more, does not amount to excessive force."[20] To the extent that Speirs may claim that his alleged injuries resulted from the handcuffs, Speirs did not complain that his alleged injuries resulted directly and only from the use of the handcuffs; instead, the complaint suggests he attributes his alleged physical injury to Buerck.[21] Speirs alleged he was unable to stand unassisted; placing Speirs on the hood of the vehicle was a objectively reasonable means of stabilizing Speirs in order to handcuff him. There is nothing unreasonable about placing Speirs in the back of the patrol car. Restraining Speirs during a blood draw conducted pursuant to a warrant is not a constitutional violation.[22] Speirs has not alleged objectively unreasonable

---

[19]*Graham*, 490 U.S. at 396 (citation omitted).

[20]*Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001).

[21]*Glenn*, 242 F.3d at 314 (stating that a plaintiff must prove that his injury from the excessive use of force resulted directly and only from the use of force that was excessive to the need).

[22]*See Schmerber v. California*, 384 U.S. 757, 770-71 (1966).

conduct. Speirs failed to state a claim as to the officers. The claim should be dismissed as to Viera and Fisher.

To the extent that Speirs alleged the blood draw constituted an unlawful seizure by the Hospital and Buerck, blood draws are a form of seizure subject to constitutional considerations.[23] Probable cause must exist for a blood draw to be lawful and reasonable.[24] A blood draw meets the Fourth Amendment standards of probable cause and reasonableness when executed pursuant to a valid warrant and performed by a registered nurse in a hospital setting.[25] Speirs's claim as to Buerck and the Hospital fails to state a claim because Speirs alleged that the blood was drawn by a qualified technician pursuant to a warrant.[26] A blood draw comports with the Fourth Amendment even where force is used to overcome the plaintiff's resistance to a blood-draw warrant.[27] Speirs alleged that the officers restrained him in execution of the warrant, after he "lost emotional control" and resisted the blood draw.[28] Speirs's allegations against Buerck and

---

[23]*Schmerber*, 384 U.S. at 767.

[24]*Schmerber*, 384 U.S. at 770 ("The requirement that a warrant be obtained is a requirement that inferences to support the search 'be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.' The importance of informed, detached and deliberate determinations of the issue whether or not to invade another's body in search of evidence of guilt is indisputable and great.").

[25]*See Schmerber*, 384 U.S. at 770-71.

[26]Docket entry # 1, p. 4.

[27]*United States v. Bullock*, 71 F.3d 171, 177 (5th Cir. 1995) (finding that the use of force to obtain a blood draw was not unreasonable because the suspect refused to comply with a lawful warrant, necessitating the use of force).

[28]To the extent that Speirs might argue that the combination of his post traumatic stress disorder and Buerck's knowledge of his condition creates an exception to the reasonableness of the blood draw, the allegations in the complaint indicate no causal link between post traumatic stress disorder

the Hospital fail to state a claim upon which relief may be granted. The Fourth Amendment claim should be dismissed as to Buerck and the Hospital.

**Section 1983 claim for violation of the Fourteenth Amendment**. Speirs alleged that the defendants violated his right to due process of law under the Fourteenth Amendment, to include his right to be free from excessive force.[29] The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving a person of his liberty without due process of law. While the Fourteenth Amendment protects against "excessive force that amounts to punishment,"[30] the Fourth Amendment applies to arrestees like Speirs. "Because the Fourth Amendment provides an explicit textual source of constitutional protection against . . . physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."[31]  Because the Fourth Amendment applies to Speirs's claim, the Fourteenth Amendment does not apply. Consequently, Speirs has failed to state a claim under the Fourteenth Amendment.

**Section 1983 claim for violating the Fifth Amendment.** Speirs alleged that the defendants violated his Fifth Amendment right to due process of law.[32]  "The Fifth Amendment

---

and the blood draw. According to the allegations, Speirs "lost emotional control" in response to Buerck's alleged comments, not the prospect of the blood draw.

[29]U.S. Const. amend. XIV ("No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . .").

[30]*Graham*, 490 U.S. at 395, n.10.

[31]*Graham*, 490 U.S. at 395.

[32]Docket entry # 1.

applies only to the actions of the federal government,"[33] not local state actors. Speirs pleaded state action, not federal action; thus, the defendants are entitled to dismissal of the Fifth Amendment claim.

**Section 1983 claim for violating the Eighth Amendment.** Speirs alleged that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment.[34] The Eighth Amendment protects convicted prisoners from cruel and unusual punishment.[35] Speirs's allegations indicate he was an arrestee, not a convicted prisoner.[36] Speirs failed to state a claim under the Eighth Amendment because he was not a convicted prisoner.

**Speirs's state law claims.** Speirs brought the following state-law claims: false arrest and imprisonment, assault and battery, abuse of process, negligence, and gross negligence.[37] The only claims that could apply to Buerck and the Hospital—Speirs did not specify—are claims arising from the blood draw. Buerck and the Hospital asked for dismissal of these claims, based on the immunity provided by state law.

The Texas Transportation Code provides for immunity "from civil liability for damages arising from the taking of the blood specimen at the request or order of the peace officer or

---

[33]*Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

[34]U.S. Const. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.").

[35]*Ingraham v. Wright*, 430 U.S. 651, 671, n. 40 (1977) ("Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions.").

[36]Docket entry # 1.

[37]Docket entry # 1.

pursuant to a search warrant."[38] Speirs's allegations indicate that Buerck conducted the blood draw at the request of a police officer pursuant to a search warrant and the blood was taken by a registered nurse at a hospital.[39] Thus, Buerck and the Hospital are immune from suit for Speirs's false arrest and imprisonment, assault and battery, abuse of process, negligence, and gross negligence claims.

Negligence in performing the blood draw is an exception to the Transportation Code's immunity, but performing the blood draw over the patient's objections is not evidence of negligence.[40] In this light, Speirs appears to also bring a healthcare liability claim against the Hospital and Buerck. To prove a healthcare liability claim in Texas, "the plaintiff has the burden of proving (1) a duty by the physician or hospital to act according to an applicable standard of care; (2) a breach of that standard of care; (3) an injury, and (4) a causal connection between the breach of care and the injury."[41] Speirs alleged generally that the "Defendants failed in providing the necessary care, and [his] injuries were proximately caused by their negligence,"[42] but he made no allegations regarding the applicable standard of care, identified no breach of an applicable standard of care, or identified a casual connection between a breach of care and his alleged injury. At most, he alleged that Buerck was negligent in using the same arm as EMS used for the

---

[38] Tex. Trans. Code Ann. § 724.017.

[39] *Id.* ("Only a physician, qualified technician, chemist, registered professional nurse, or licensed vocational nurse may take a blood specimen at the request or order of a peace officer under this chapter.").

[40] *Id.*

[41] *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003).

[42] Docket entry # 1, p. 6.

blood draw and causing him emotional distress because he suffers from post traumatic stress disorder.  Speirs's failed to state a health-care-liability claim upon which relief may be granted.

To the extent Speirs brings his state law causes of action against Viera and Fisher, they are entitled to dismissal of the claims based on official immunity grounds.  Speirs's complaint indicates he seeks to sue the officers in their official capacities.  Speirs alleged that each officer "at all times act[ed] in the capacity of an agent, servant, and employee of the Universal Police Department."[43]  "Government officials are entitled to official immunity from suits arising out of the performance of their (1) discretionary duties (2) in good faith as long as they are (3) acting within the scope of their authority."[44]  There is no question that Viera and Fisher were performing discretionary duties in good faith and acting within the scope of their authority.  Speirs alleged that Viera determined that his eyes were glassy and bloodshot and that Viera held him up to keep him from falling.  He further alleged that the officers determined that he was intoxicated.  Speirs explained that the officers called for EMS when he complained of chest pains and that they obtained a warrant for a blood test.  The officers restrained Speirs for the blood draw only after he lost emotional control and resisted the blood draw.  Viera and Fisher are entitled to dismissal of the state law claims.

**Claims against Universal City**.  The complaint indicates that Speirs sued Universal City "as a person[] responsible because of its authorization, condonation, and ratification thereof the

---

[43]Docket entry # 1, p. 2.

[44]*City of Hempstead v. Kmiec*, 902 S.W.2d 118, 120 (Tex. App.—Houston [1 Dist.] 1995, no pet.).

acts of its agents, and those acts of [the Hospital and Buerck]."[45]  Speirs failed to state a claim for violating the First, Fourth, Fifth, Eighth and Fourteenth amendments for the reasons discussed above.  A federal court may decline to exercise supplemental jurisdiction over state-law claims if "the district court has dismissed all claims over which it has original jurisdiction . . . ."[46]  In determining whether to exercise supplemental jurisdiction, "a federal court should consider and weigh . . . the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims."[47]  In this case, I recommend that the Court find that these factors weigh against the exercise of supplemental jurisdiction over the state law claims against the City.

**Recommendation**.  For the reasons discussed above, I recommend GRANTING the motions to dismiss (docket entry #s 9 & 10) and DISMISSING this case.

**Instructions for Service and Notice of Right to Object/Appeal**.  The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[48]  Such party shall file the objections with the clerk of the court, and serve the objections on all

---

[45]Docket entry # 1, p. 5.

[46]28 U.S.C. § 1367(c)(3).

[47]*Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).

[48]28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[49] To the extent that Speirs's may complain about a lack of notice about matters not specifically addressed in the pending motions to dismiss, Speirs should consider this report and recommendation as notice and respond accordingly. Failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[50]

**SIGNED** on July 8, 2010.

Nancy Stein Nowak

NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

[49] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[50] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).